UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP CHANDLER,<br><br>        Plaintiff,<br><br>vs.<br><br>THEODORE D'AMICO, et al.,<br><br>        Defendants. | 3:05-CV-0105-ECR(RAM)<br><br><u>REPORT AND RECOMMENDATION</u><br><u>OF U.S. MAGISTRATE JUDGE</u> |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Defendants filed this Motion to Dismiss for Failure to Prosecute or in the Alternative Request for Enlargement of Time to File Pre-Trial Order (Doc. #17) on August 28, 2006. Plaintiff has not filed an opposition.

<u>BACKGROUND</u>

Plaintiff Phillip Chandler originally submitted his Civil Rights Complaint on February 22, 2005 while he was still incarcerated at Ely State Prison in Ely, Nevada.[1] (Doc. #1). On March 22, 2005 Plaintiff gave notice that he was no longer in custody of the Nevada Department of Corrections (NDOC) and that documents relating to this case be sent to him at a Scottsdale, AZ address he provided. (Doc. #3). On August 15, 2005 this court granted Plaintiff's Motion to

---

[1] The complaint (Doc. #8) alleges that Plaintiff's Eighth Amendment rights were violated by Defendants' deliberate indifference to Plaintiff's serious medical needs.

proceed in forma pauperis (Doc. #6) and ordered Plaintiff's Civil Rights Complaint under 42 U.S.C. § 1983 be filed.

The Attorney General's Office gave notice of acceptance of service on behalf of Defendants (Doc #9) and filed an answer on Defendants' behalf on October 14, 2005 (Doc. #10).

The court issued its Scheduling Order on January 5, 2006 (Doc. #12).

On March 1, 2006 the Deputy Attorney General now assigned to this case, Susan K. Stewart, caused a notice of deposition to be served on Plaintiff at his Arizona address. (Doc. #20). Plaintiff never showed up for the noticed deposition or contacted the Attorney General's office in any fashion after his receipt of the Notice of Deposition. (Id.) On March 31, 2006 the Attorney General's office served Plaintiff with interrogatories. (Id.) Plaintiff never responded. (Id.) Ms. Stewart has not heard from Plaintiff, despite efforts to contact Plaintiff by phone and U.S. Mail. (Id.) None of the correspondence sent to Plaintiff at the 74th Street address has ever been returned to the Attorney General's Office as undeliverable by the U.S. Postal Service. (Id.)

## DISCUSSION

Fed. R. Civ. P. 41(b) provides that:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."

Pursuant to Fed. R. Civ. P. 41(b), plaintiffs must prosecute their claims with "reasonable diligence" in order to avoid dismissal. Anderson v. Air West, Inc., 542 F. 2d 522, 524 (9th Cir. 1976). Under Ninth Circuit law, the court must consider the following factors when ruling on an involuntary dismissal motion: (1) the court's need to manage its docket; (2) the public interest in expeditious resolution of litigation; (3) the risk of prejudice to defendants from the delay;[2] (4)

---

[2] A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute. Anderson, 542 F.2d at 524. Thus, Plaintiff has the initial burden of showing a non-frivolous explanation for the delay. Here, Plaintiff has made no showing whatsoever regarding the reason for his complete inaction.

the policy favoring the disposition of cases on their merits;[3] and (5) the availability of lesser sanctions.[4]  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)

Further, Local Rule LR-41-1 provides in pertinent part as follows:

> All civil actions that have been pending in this court for more than nine (9) months without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the court.

Here, all of the factors besides factor four (4) weigh in favor of dismissing the action. Plaintiff has done nothing to prosecute this case for over twenty-one months.  He has failed to respond to written discovery, failed to appear for his deposition, and failed to respond in any way to the court's pre-trial notice order.  He has also failed to respond to the motion now before the court.  In sum, Plaintiff has taken no affirmative actions to prosecute this case.  The last pleading filed by Plaintiff is his notice of change of address (Doc. #3), which was filed on March 25, 2005, over twenty-one months ago.

In view of the foregoing, the court finds that Plaintiff has failed to exercise reasonable diligence in prosecuting his case to such an extent that dismissal is warranted.  The court believes dismissal of this action is justified under Fed. R. Civ. P. 41 as well as Local Rule 41-1.

///
///
///
///
///
///

---

[3] In section 1983 claims, the public policy favoring resolution on the merits counsels against dismissal. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)(noting that the public policy favoring resolution on the merits "is particularly important in civil rights cases.").  However, this policy does not preclude dismissal where other factors weigh in its favor. See, e.g., Rio Properties v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002).

[4] There is no warning requirement when a dismissal follows a noticed motion under Rule 41(b). Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge enter an order granting Defendants' Motion (Doc. #17), and dismissing Plaintiff's case with prejudice.

The parties should be aware of the following:

1.   That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: January 4, 2007.

_____
UNITED STATES MAGISTRATE JUDGE